UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MERCY HOME FOR CHILDREN,                 :
                                         :
             Plaintiff,                  :     **ORDER CONFIRMING**
                                         :     **ARBITRATION AWARD**
                                         :
      -against-                          :     05 Civ. 6462 (AKH)
                                         :
NEW YORK'S HEALTH AND HUMAN              :
SERVICE UNION 1199, SEIU,                :
                                         :
             Defendant.                  :
-------------------------------------------------------x
ALVIN K. HELLERSTEIN, U.S.D.J.:

       Plaintiff, Mercy Home for Children ("Mercy"), has filed a complaint seeking to have an arbitration award reinstating a terminated employee vacated pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.[1] In lieu of an answer, Defendant, New York's Health And Human Services Union 1199 (the "Union"), filed a motion to dismiss Plaintiff's complaint, Fed. R. Civ. P. 12(b)(6) and a cross-petition to confirm the arbitration award. For the reasons stated below, I find that the arbitration award was in keeping with the essence of the parties' agreement and I confirm the award. The validity of the arbitration award being dispositive, the case is therefore dismissed.

       Plaintiff is a not-for-profit social services organization operating eleven group homes in Brooklyn and Queens that provide services to children and young adults with developmental disabilities. Plaintiff and the Union are parties to a collective bargaining agreement (the "Agreement") which covers full and part-time direct care providers employed by Plaintiff in its various group homes. The Agreement contains a grievance procedure and an

---

[1] In its complaint, Plaintiff also sought to have the award vacated under section 10 of the Federal Arbitration Act, 9 U.S.C. § 10. This claim, however, was omitted from Plaintiff's reply to Defendant's Motion to Dismiss and I therefore do not address it.

arbitration provision. Pursuant to the Agreement, Plaintiff is permitted to promulgate various rules and regulations aimed at ensuring the safe and efficient operation of its facilities.

Tabatha Black (the "Grievant"), a member of the Union, was hired by Plaintiff in October of 2000 as a direct care worker at Plaintiff's Santulli Residence in Brooklyn. Grievant was made aware of the rules and regulations concerning employee conduct promulgated by Plaintiff in accordance with the Agreement. During the time of Grievant's employment, the Santulli Residence housed approximately 15 young women with numerous physical and mental disabilities. Grievant's responsibilities included, but were not limited to, caring for the residents, participating with the residents in activities, and driving the residence van. According to the Complaint, problems arose with Grievant's performance in early 2002, and she was issued various reminders as to the rules governing interaction with residents and the use and operation of the van. Following numerous incidents in February and March of 2004 involving Grievant's interaction with residents and superiors and her alleged refusal to comply with the stated rules and regulations, the Grievant was terminated on March 2, 2004.

The matter was subsequently submitted to arbitration with both parties stipulating that the issue presented for arbitration was whether there was just cause for the Grievant's termination. The arbitrator's decision was issued on May 14, 2005. Although the arbitrator acknowledged that the Grievant's behavior was "inappropriate," he found that the behavior did not rise to the level of "insubordination" and therefore ruled that her termination had been improper. The arbitrator held that the Grievant's discharge should be converted to a disciplinary suspension of one month without pay and that she should be reinstated with back pay offset by any alternative compensation received during her period of discharge. To date, Plaintiff has not

2

complied with the terms of the arbitration award.

Judicial review of arbitration awards is limited. So long as the award "offer[s] even a barely colorable justification for the outcome reached, confirmation of the award cannot be prevented by litigants who merely argue, however persuasively, for a different result." Andros Compania Maritima, S.A. v. Marc Rich & Co., A.G., 579 F.2d 691, 704 (2d Cir. 1978). In the context of labor arbitration awards, the award should be enforced "so long as it *draws its essence* from the collective bargaining agreement." Tower Village v. Service Employees Int'l Union, AFL-CIO, CLC Local 2000, 377 F. Supp.2d 733, 735 (E.D.Mo. 2005) (internal citations omitted, emphasis added); see also In re Marine Pollution Service Inc., 857 F.2d 91, 94 (2d Cir. 1988) (noting requirement that the arbitration award "draw its essence" from the collective bargaining agreement). Judicial review of an arbitration award under section 301 of the LMRA is thus limited to "determining whether: (1) the parties agreed to arbitrate; and (2) the arbitrator had the power to make the award he made." Tower Village, 377 F. Supp.2d at 736.

Plaintiff urges that the arbitrator acted outside of his authority, and in contravention of the "essence" of the Agreement, when he ordered the Plaintiff reinstated with back pay. In particular, Plaintiff argues that the relief granted is inconsistent with the arbitrator's findings that the Grievant's behavior was "unacceptably rude," "inappropriate," and in violation of the Plaintiff's stated policies. Plaintiff cites the recent Second Circuit decision in 187 Concourse Assocs. and Stonecrest Mgmt., Inc. v. Fishman, 399 F.3d 524 (2005), as support for the rule that the relief granted in the arbitration award must not contradict the express findings of the arbitrator. In Concourse, the arbitrator found that the employer "had no option but to terminate" the grievant, but nevertheless held that the grievant should be reinstated and that the discharge action should be converted to a disciplinary suspension. See id. at 526. The Second

3

Circuit vacated the award holding that, after a determination by the arbitrator that the employer had no option other than to terminate the employee, the termination was necessarily with "just cause" and the arbitrator was without authority to order reinstatement. See id. In this instance, Plaintiff argues the arbitrator was without authority to reinstate the Grievant upon a finding that she had acted in violation of the terms of her employment.

I find Plaintiff's arguments to be without merit. While the arbitrator did find that the Grievant's behavior was "inappropriate," he also expressly found that the Greivant's behavior did not rise to the level of "insubordination" such that termination would be proper without any prior and progressive disciplinary measures. Further, the arbitrator noted the Plaintiff's own improprieties, focusing in particular on the Plaintiff's "spasmodic, disjointed, and untimely" interrogations of the Grievant in reaction to her alleged bad acts. In this context, the holding of Concourse is inapplicable. The arbitrator here expressly held that the Grievant's acts did not warrant discharge and therefore his determination that the Grievant be reinstated is not in contravention of his factual findings as to the propriety of the dicharge. Having easily satisfied the standard of providing a "colorable justification" for his finding, I am without authority to vacate the arbitrator's award. See Andros Compania, 579 F.2d 691, 704 (2d Cir. 1978).

In accordance with the foregoing, I grant Defendant's motion to confirm the arbitration award. No other issues remaining for judicial resolution, this case is hereby dismissed. The clerk of the court shall mark the case as closed.

SO ORDERED.

Dated: New York, New York
January 9, 2006

ALVIN K. HELLERSTEIN
United States District Judge

4